UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALEXANDER GOMEZ,

Plaintiff,

-against-

**REPORT & RECOMMENDATION**
22 CV 277 (EK) (CLP)

WEST SHORE INN RESTAURANT, INC. *and* THE WEST SHORE INN OF S.I. INC.,

Defendants.
---------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On January 18, 2022, plaintiff Alexander Gomez ("plaintiff" or "Gomez") commenced this action against defendants West Shore Inn Restaurant, Inc. and The West Shore Inn of S.I. Inc. (collectively, "defendants"), alleging that defendants violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq., and the ADA's Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36. (See Compl.[1] at 1).

Currently pending before this Court on referral from the Honorable Eric R. Komitee, United States District Judge, is plaintiff's motion for default judgment. (See Pl.'s Mem.[2]). For the reasons set forth below, the Court respectfully recommends that plaintiff's motion be denied.

## FACTUAL BACKGROUND

Plaintiff resides in the Bronx, New York, and is bound to ambulate in a wheelchair because of his spinal cord T-12 injury. (Compl. ¶ 2). Defendant West Shore Inn Restaurant, Inc. is alleged to be the owner of the real property which is the subject of this action, located at 3955 Victory Blvd., Staten Island, NY 10314 ("Subject Property"). (Id. ¶ 3). Defendant The West

[1] Citations to "Compl." refer to the Complaint, filed January 18, 2022, ECF No. 1.
[2] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of his Motion for Default Judgment, filed January 4, 2023, ECF No. 19.

Shore Inn of S.I. Inc. is alleged to be the lessee and operator of the business located at the Subject Property, known as West Shore Inn Steakhouse. (Id. ¶ 4). The Subject Property is alleged to be "a public accommodation and service establishment" that "although required by law to do so, . . . is not in compliance with the ADA and ADAAG." (Id. ¶ 6).

Plaintiff states that he "visited the [Subject Property] and encountered barriers to access." (Id. ¶ 7). He has not been able to access the Subject Property "without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist" there. (Id. ¶ 10). Consequently, plaintiff alleges that defendants have discriminated against him and others with disabilities by denying access to full and equal enjoyment of the Subject Property's goods and services, in violation of 42 U.S.C. § 12182, et seq., and "by failing to remove architectural barriers" at the Subject Property, in violation of 42 U.S.C. § 12182(b)(2)(A)(iv). (Id. ¶ 12). Plaintiff lists 36 separate violations, but notes that an inspection is required to determine all of the ADA violations. (Id. ¶¶ 13-14).

Plaintiff argues that he "has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at" the Subject Property. (Id. ¶ 8). He argues that he "intends to visit the [Subject Property] again in the near future in order to utilize all of the goods and services" there, "but will be unable to do so" because of the various violations. (Id. ¶ 11).

Plaintiff asserts that the removal of the various barriers and other ADA violations is "readily achievable," and he will continue to suffer irreparable harm unless and until defendants are required to remove the violations. (Id. ¶¶ 15-16). Moreover, plaintiff asserts that he is entitled to injunctive relief, including an order to alter the Subject Property to make it readily accessible and ADA-compliant, and to close the Subject Property until the requisite

modifications are completed. (Id. ¶ 18). In addition, plaintiff seeks an award of reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. §§ 12205 and 12217. (Id. ¶ 17).

## PROCEDURAL BACKGROUND

Following the filing of the Complaint on January 18, 2022, the Summons and Complaint were served on defendants on January 28, 2022. (See Compl.; ECF Nos. 8-9). When defendants failed to file an Answer or otherwise respond within the required time period, plaintiff requested that a Certificate of Default be entered against the defendants on June 7, 2022. (ECF Nos. 10-11). Thereafter, the Clerk of Court entered a Certificate of Default against defendants on June 13, 2022. (ECF Nos. 12-13). On August 12, 2022, the undersigned issued an Order directing plaintiff to file a motion for default judgment. (Order, dated Aug. 12, 2022).

On January 4, 2023, plaintiff filed a motion for default judgment,[3] accompanied by an Affidavit from his counsel, a copy of the Complaint, certificates of default, executed summons, a Memorandum of Law in support of the motion, and a proposed order of default judgment. (ECF Nos. 18-20; Pl.'s Mem.). Defendants did not respond to plaintiff's Motion for Default Judgment. On January 5, 2023, the Honorable Eric R. Komitee referred plaintiff's Motion for Default Judgment to the undersigned to issue a Report and Recommendation. (Order, dated Jan. 5, 2023).

[3] Plaintiff previously filed two motions for default judgment that were both denied without prejudice due to procedural defects. In both instances, plaintiff did not append the clerk's certificate of default, a copy of the claim, and supporting affidavits to his memoranda of law as required by the Honorable Eric R. Komitee's Individual Rules & Practices and the Eastern District of New York's Local Rules 7.1 and 55.2. (ECF Nos. 16-17; Orders, dated Aug. 22, 2022 and Dec. 8, 2022).

DISCUSSION

    I.        Default and Default Judgment Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for an entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of the Court automatically enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id. Second, after the Clerk of the Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter default judgment. See Fed. R. Civ. P. 55(c).

However, in determining whether a default judgment should be entered, the Second Circuit has cautioned that a default judgment is an extreme remedy that "must remain a weapon of last, rather than first, resort." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Thus, considering the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Id. Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because the defendants are in default. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162

(S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The court has significant discretion and may consider several factors in deciding whether to grant a default judgment. These factors include: (1) whether the grounds for default are clearly established; (2) whether the claims were pleaded in the complaint, thereby placing the defendant on notice; and (3) the amount of money potentially involved – the more money involved, the less justification for entering the default judgment. See Hirsch v. Innovation Int'l Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992); Fed. R. Civ. P. 54(c) (stating "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); King v. STL Consulting LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated in awarding damages that accrued during the pendency of a litigation, so long as the complaint put the defendant on notice that the plaintiff may seek such damages). Additionally, a court may consider whether the facts alleged in the complaint state a valid cause of action, whether there are unresolved questions regarding material issues of fact as to liability or damages, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (discussing factors); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2685 (4th ed.).

A party defaults when it "has failed to plead or otherwise defend" the case. Fed. R. Civ. P. 55(a). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (citation omitted). Indeed, a defendant may fail to defend by "failing to appear for a deposition,

dismissing counsel, giving vague and unresponsive answers to interrogatories, and failing to appear for trial," Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65, or by failing to comply with discovery orders or failing to appear for trial. Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 454 (2d Cir. 2013) (citing Hoxworth v. Blinder, Robinson Co., 980 F.2d 912, 917-19 (3d Cir. 1992)). However, the "typical Rule 55 case is one in which a default has entered because a defendant failed to file a timely answer." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d at 129 (alterations and internal quotation marks omitted).

Here, defendants are clearly in default. Defendants have not responded to the Complaint, nor have defendants even appeared in this action by counsel. Moreover, defendants have not only failed to file an Answer or otherwise move with respect to the Complaint, but defendants have also failed to respond to plaintiff's Motion for a Default Judgment. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316413, at *2 (holding that "[the defendant's] default is crystal clear – it does not even oppose this motion"). Thus, plaintiff's evidence on liability and relief is undisputed.

II. Entry of Default Judgment – Liability for Damages Alleged in the Complaint

Plaintiff has alleged claims under Title III of the ADA. To demonstrate liability, plaintiff must "establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008), cert. denied, 129 S. Ct. 1581 (2009); see also Makhnevich v. Bougopoulos, No. 21 CV 5516, 2023 WL 197297, at *13 (E.D.N.Y. Jan. 15, 2023).

Here, plaintiff has alleged the three necessary prongs. First, plaintiff is disabled within the meaning of the ADA because he alleges that he is wheelchair-bound. (Compl. ¶ 2); see

Pierre v. Nine One Two Corp., No. 19 CV 3326, 2020 U.S. Dist. LEXIS 95658, at *3-4 (E.D.N.Y. May 29, 2020) (finding similar allegations about wheelchair use by a plaintiff sufficient to allege the first prong of ADA liability) (citing 42 U.S.C. §§ 12102(1)(A) and 12102(2)(A)), report and recommendation adopted, 2020 U.S. Dist. LEXIS 169234 (E.D.N.Y. Sept. 16, 2020). Plaintiff also meets the second prong because he alleges that defendants own, lease, or operate the Subject Property, presumably a restaurant,[4] which is a place of public accommodation. (Compl. ¶¶ 3-4, 6); see Hashimi v. CLMO, LLC, No. 20 CV 1073, 2021 U.S. Dist. LEXIS 134540, *5-6 (E.D.N.Y. July 19, 2021) (finding an inference that defendant's property is a restaurant sufficient to allege the second prong of ADA liability, even though the complaint only "vaguely describes the subject premises as a 'public accommodation and service establishment'"), report and recommendation adopted, 2021 U.S. Dist. LEXIS 147973 (E.D.N.Y. Aug. 6, 2021).

Plaintiff also meets the third prong. Courts have held that a plaintiff "can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set for in the [ADAAG]." See Harty v. Spring Valley Marketplace LLC, No. 15 CV 8190, 2017 WL 108062, at *5 (S.D.N.Y. Jan. 9, 2017) (internal quotation marks and citation omitted). The Complaint lists several ADAAG violations, including but not limited to: non-compliant handrails at the main and secondary entrances; inaccessible dining tables; and inaccessible flush controls in the restrooms. (Compl. ¶ 13). Plaintiff alleges that these violations prevent him from accessing the Subject Property "without severe hardship" and that he "will

[4] Plaintiff only described the Subject Property as a "public accommodation and service establishment." (Compl. ¶ 6). However, the Court infers from the allegations, such as allegations that the business located at the Subject Property is known as "WEST SHORE INN STEAKHOUSE" (id. ¶ 4), and that defendants maintain non-compliant "dining booth tables," "bar," and "dining tables," that the Subject Property is a restaurant. (Id. at 7).

continue to suffer irreparable harm" and "will be unable" to visit the Subject Property again in the near future. (Id. ¶¶ 10-11, 16). He alleges that "[t]he removal of the physical barriers, dangerous conditions, and ADA violations . . . is readily achievable and can be accomplished and carried out without much difficulty or expense." (Id. ¶ 15). Thus, plaintiff meets the third prong and has sufficiently alleged that defendants discriminated against him within the meaning of the ADA. See 42 U.S.C. § 12182(b)(2)(A)(iv) (defining discrimination to include "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable").

Given that all factual allegations in the Complaint, except those relating to damages, are taken as true for the purposes of a default judgment, see Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65, the Complaint meets "all the necessary elements of a claim under the ADA." Adams v. 724 Franklin Ave. Corp., No. 16 CV 5138, 2016 WL 7495804, at *3 (finding defendants were liable for ADA violations on default judgment where plaintiff alleged (1) he was wheelchair bound, (2) defendants owned the grocery store and delicatessen at issue, and (3) defendants' store had a series of architectural barriers that prevented access). Accordingly, if these were the Court's only considerations, it would respectfully recommend that a default judgment be entered in favor of plaintiff. However, as explained below, the Court instead respectfully recommends that plaintiff's motion for default judgment be denied for lack of standing.

## III. Damages

### A. Legal Standard

When a default judgment is entered, the defendants are deemed to have admitted all well-pleaded allegations of liability. See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (per curium). However, the plaintiff

must still prove damages in an evidentiary proceeding at which the defendants can contest the claimed damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 *2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). That said, while Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may conduct hearings to determine the appropriate reward, it is not required to do so. Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d at 189. Rather, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment").

Plaintiff seeks an injunction and attorney's fees and costs. (Pl.'s Mem. at 5; Compl. ¶ 17-18). Plaintiff does not seek monetary damages. (Pl.'s Mem. at 5). As to attorney's fees, costs, and injunctive relief, the Court finds that a hearing is unnecessary. Nevertheless, for the reasons set forth below, the Court respectfully recommends denying plaintiff's request for relief due to a lack of standing.

B. Injunctive Relief

Under Title III of the ADA, the sole available remedy is "injunctive relief to compel architectural compliance" and discretionary attorney's fees. See Taylor v. 312 Grand St. LLC, No, 15 CV 5410, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) (citing 42 U.S.C. §§ 12188(a); 12182(b)(2)(A)(iv)). Prior to issuing these remedies, courts must evaluate whether a plaintiff has standing to bring an action, even if the defendants are in default. Hashimi v. CLMO, LLC, 2021 WL 3478174, at *3 (E.D.N.Y. Jul. 19, 2021) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

1. Plaintiff's Standing

Courts have held that there is standing for plaintiffs in ADA suits seeking injunctive relief where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013) (per curium). "Significantly, the focus of the third factor—i.e., intent to return based on past visits and proximity—is to ensure that the risk of harm is sufficiently imminent and substantial to establish standing." Gannon v. Hua Da Inc., No. 23 CV 1650, 2023 WL 2664012, at *1 (S.D.N.Y. Mar. 28, 2023) (internal quotation marks and citation omitted).

    a. Past Injury under the ADA and Continued Discriminatory Treatment

In this case, plaintiff alleges that he "visited" the Subject Property and his Complaint cites several specific ADA regulations which he claims defendants have violated at the Subject Property. (Compl. ¶¶ 7, 13); see Harty v. Spring Valley Marketplace LLC, 2017 WL 108062, at *7 (finding that the operative complaint, containing a list of alleged violations, was sufficient to meet the first prong of the standing test prong). Thus, plaintiff meets the first prong of the standing test, particularly with respect to alleged violations I through XXIII. (Compl. at 4-11).

Plaintiff also meets the second prong as to these violations because he alleges a detailed list of the number and nature of the barriers he encountered at the Subject Property. (Compl. ¶¶ 13-14). Where defendants choose not to challenge plaintiffs' allegations of ADA violations by defaulting, courts have found it "reasonable to infer that, absent a court order requiring remediation, the barriers will remain." Hashimi v. CLMO, LLC, 2021 WL 3478174, at *4.

Plaintiff alleges a number of barriers in the men's restroom. (See violations XII-XXIII, Compl. at 8-11). In violations XXIV through XXXVI, he also alleges various barriers in the women's restroom. (Compl. at 11-14). Since he does not specify which restroom he used, nor does he allege that he attempted to use both the men's and women's restrooms, the Court is skeptical as to whether plaintiff personally suffered past injury based on the alleged barriers described in those allegations.[5] However, the Court need not reach the question of whether plaintiff has adequately met the first and second prong as to these alleged violations because, for the reasons set forth below, the Court finds that plaintiff has not established his standing to pursue injunctive relief for any of the alleged violations.

b. Intention to Return

The Court finds that plaintiff has failed to plausibly allege that he intends to return to the Subject Property, and plaintiff therefore has not established his standing to pursue injunctive relief against defendants. When evaluating the third prong, courts look to whether the plaintiff has a "plausible intention or desire to return to the [defendant's property] but for the barriers to

[5] Considering the ADA's remedial purpose and Congress's intent that the ADA serve to eliminate discrimination against disabled individuals, the Second Circuit held that a plaintiff who has standing to pursue injunctive relief as to one area of the premises then also has standing to pursue injunctive relief as to other areas "related to his disability that he would likely encounter." Kreisler v. Second Ave. Diner Corp., 731 F.3d at 188 (adopting holdings from the Ninth and Eighth Circuits that held "once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability"). However, even under the court's expansive ruling in Kreisler, plaintiffs only have standing to seek removal of the barriers that they themselves "*would likely encounter*" at the defendants' property. Kreisler v. Second Ave. Diner. Corp., 731 F.3d at 188 (emphasis added). Plaintiff here, who refers to himself in the Complaint using he/his pronouns, has not set forth any claims alleging that he has ever used the women's restroom or that it would be likely for him to use the women's restroom in the Subject Property. At least one other Circuit court has held that standing for a male plaintiff "do[es] not extend to . . . barriers in areas he is unlikely to enter, such as ladies' restrooms[.]" See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, at 953 (9th Cir. 2011) (en banc). Therefore, it is unclear whether plaintiff would satisfy the first and second prongs of the test to have standing to challenge these alleged violations in the women's restroom. However, since the Court finds that plaintiff cannot satisfy the third prong of the test, there is no need to reach this issue at this time.

access." Grinblat v. Apna Food & Oil Corp., No. 19 CV 6746, 2020 WL 7481508, at *4 (internal quotation marks and citation omitted) (E.D.N.Y. Aug. 26, 2020), report and recommendation adopted, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020). Determining plausibility is a "highly fact-sensitive inquiry" and no single factor is dispositive. Id. at *3.

Although in the ADA context, the concept of standing had previously been "so eroded" that courts have found plaintiffs met this standard even on "threadbare" allegations (id. at *4), the Second Circuit has since raised the bar by requiring a more fact-intensive approach. See Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 75 (2d Cir. 2022). In Calcano, the Second Circuit held that the "central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." Id. (internal quotation marks and citation omitted).

Under the Calcano standard, plaintiffs must allege intention to return with specificity. See id. at 75-76 (citing Kreisler as an example of allegations that meet this standard, noting that the Kreisler plaintiff alleged he "'live[d] within several blocks of the Diner,'" "'passe[d] by it three to four times a week,'" and "'frequent[ed] diners in his neighborhood often'") (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d at 186, 188). Plaintiffs who simply "parrot" the standard are seen as simply alleging legal conclusions that do not meet the plausibility standard necessary to show standing. Id. at 76.

For example, in Calcano, since three of the four plaintiffs failed to provide an accurate address for the defendant's business, the Second Circuit concluded that their assertions of proximity and prior visits were vague and lacking in support. 36 F.4th at 76. As to the one plaintiff who did provide an accurate address for the defendant's business, the court found that he

nevertheless also lacked standing for failing to plausibly establish his intent to return. That plaintiff alleged only that: (1) he lived in the Bronx, but without specifying his home address, which the Court inferred could be "up to an hour away" from the Manhattan branch of the defendants' chain retail store; and (2) he had visited the defendants' property "on prior occasions," without providing any details on the frequency of visits, the items purchased, or which location(s) among defendants' chain stores he had visited. 36 F.4th at 75-77. Other examples of instances in which courts after Calcano have found parroting include when a plaintiff vaguely alleges that he "attempted to and desired to access the Premises" or that he "frequently travels to the area," without any further details such as plaintiff's proximity to the premises or additional facts adequately demonstrating his intent to return. See Hennessy v. Poetica Coffee Inc., No. 21 CV 5063, 2022 WL 4095557, at *3-4 (finding plaintiff has no standing because (1) plaintiff only alleges that he lives in "Kings County" without specifying how close he lives to defendants' property in the same borough in New York City, and (2) plaintiff only states he "frequently travels to the area" where defendants' business is located and that he "intends to patronize" defendants' business "several times a year after it becomes fully accessible"); see also Gannon v. Hua Da Inc., 2023 WL 2664012, at *2 (identifying plaintiff's allegations that he "anticipates returning many times in the future" and "frequents the neighborhood" of defendants' business as parroting and therefore concluding he lacks standing); cf. Winegard v. Golftec Intell. Prop. LLC, No. 23 CV 1244, 2023 WL 3672540, at *3 (E.D.N.Y. May 26, 2023) (denying relief in an ADA case involving website access because plaintiff's allegations are not particularized enough, stating that "[t]he definitiveness of plaintiff's 'intent to return' is indiscernible; he merely parrots the legal standard").

Here, plaintiff merely parrots his intent to return to the Subject Property without setting forth any specific details to support his claims. Plaintiff states that he lives "in Bronx, New York" but he does not specify where, and that the Subject Property is on Staten Island, located at 3955 Victory Blvd. (Compl. ¶¶ 2, 3-4). Plaintiff's claim as to his proximity to the Subject Property is as vague as the claims of the Calcano plaintiff, who also only alleged that he lived "in Bronx, New York." Depending on where plaintiff lives in the Bronx, he could potentially live approximately an hour's drive, if not more, from the Subject Property and up to two hours away by public transportation.[6] Cf. Calcano v. Swarovski N. Am. Ltd., 36 F.4th at 76 (noting that depending on where plaintiff lived in the Bronx, plaintiff could be up to an hour away from defendant's property). Moreover, plaintiff only claims he "has visited the Subject Property" and "intends to visit the [Subject Property] again" in his Complaint. (Compl. ¶¶ 5, 11). He does not provide any details as to how many times he has visited the Subject Property or the area in general, nor has he provided any information about his past visit or visits, such as the date of any visit or any items purchased on any past visits. Finally, he provides no details as to his reasons and plans for returning to the Subject Property. See Calcano v. Swarovski N. Am. Ltd., 36 F.4th at 76-77. For example, although the Complaint lacks any information as to the nature of the establishment located at the Subject Property, the Court infers that the Subject Property is a restaurant, and yet plaintiff fails to allege that he had visited the property to dine there or that he intends to return to dine there. Without alleging such "basic information," the plaintiff's allegations fail to satisfy the specificity requirements of Calcano. Id. at 77.

An additional factor considered by the courts in reviewing the broader context of a particular plaintiff's claims, is the plausibility of the plaintiff's claims of injury. See Hennessy

[6] See Google Maps, https://www.google.com/maps/ (using Bronx, NY as the starting point and 3955 Victory Blvd, Staten Island, NY as the destination).

v. Poetica Coffee Inc., 2022 WL 4095557, *at 3 (noting that plaintiff had filed seventy-nine other ADA actions in the district within a year); Winegard v. Golftec Intell. Prop. LLC, 2023 WL 3672540, at *3 (noting that the fact plaintiff is a "serial filer" of ADA claims "bears on the plausibility of his standing claim"); Gannon v. Hua Da Inc., 2023 WL 2664012, at *2 (emphasizing that the "broader context" of plaintiff's "transparent cut-and-paste and fill-in-the-blank pleadings" in twenty-six ADA cases filed over the course of two months weighs on the court's decision) (internal quotation marks omitted); see also Calcano v. Swarovski N. Am. Ltd., 36 F.4th at 77 (noting that all four plaintiffs use identical language to state the same conclusory allegations, changing only the names and addresses of the parties involved).

Here, plaintiff has filed at least two other ADA cases in this jurisdiction with almost identical allegations, changing only the names of the parties involved, the defendants' addresses, and the ADA violations present.[7] While the number of filings is less than those seen in other cases, the Second Circuit indicated that it strongly disfavors these "Mad-Libs-style complaints" because they suggest these allegations are the result of a "mass production" of implausible claims. Calcano v. Swarovski N. Am. Ltd., 36 F.4th at 77.

Having reviewed plaintiff's threadbare allegations, and particularly the deficiencies in his allegations as to the intent to return and the risk of future harm, the Court respectfully recommends that plaintiff's motion for default judgment be denied because plaintiff fails to demonstrate that the risk of future harm is sufficiently imminent and substantial to meet the third prong required to show standing, and therefore he is not entitled to injunctive relief.

---

[7] See Gomez v. Gavrity II LLC, No. 22-cv-323 (E.D.N.Y. 2022); Gomez v. 124 Rockaway Ave. Corp., No. 22-cv-2125 (E.D.N.Y. 2022). In these two other cases, plaintiff alleges virtually identical claims against defendants that operate restaurants in Staten Island and Nassau County, respectively. In his complaints for those cases, plaintiff similarly does not specify the frequency of his past visits or why he intends to return to defendants' businesses.

CONCLUSION

Accordingly, the Court respectfully recommends: (1) that plaintiff's Motion for Default Judgment be denied; and (2) that plaintiff be given 30 days from the date of any Order adopting this Report and Recommendation to file an amended complaint. The Court further recommends that if plaintiff fails to file an amended complaint within the time allowed, or fails to cure the deficiencies identified in this Report and Recommendation, that the action be dismissed without prejudice.

Plaintiff is Ordered to service this Report and Recommendation on defendants and file proof of service on the docket by July 7, 2023.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: June 30, 2023
      Brooklyn, New York

                                      /s/ Cheryl L. Pollak
                                      CHERYL L. POLLAK
                                      United States Magistrate Judge
                                      Eastern District of New York